| | |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321) |
| | United States Attorney |
| 2 | |
| | EUMI L. CHOI (WVSBN 0722) |
| 3 | Chief, Criminal Division |
| 4 | DENEE A. DILUIGI (COSBN 35082) |
| | Special Assistant United States Attorney |
| 5 | |
| | HILARY G. LEY |
| 6 | Law Clerk |

**FILED**

JUN 0 9 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
8  Telephone: (415) 436-7108
   Fax: (415) 436-7234
9  Email: Hilary.Ley@usdoj.gov

10 Attorneys for Plaintiff

11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13                   SAN FRANCISCO DIVISION

14 UNITED STATES OF AMERICA,           )   Case No. CR 05-00172 MAG
                                        )
15     Plaintiff,                       )
                                        )   **MOTION FOR SUMMONS**
16     v.                               )
                                        )
17 ALDO OSORNIO,                        )
                                        )
18     Defendant.                       )
                                        )
19 _____  )

20     Based on the facts set forth in the Declaration of Hilary G. Ley in Support of the United

21 States' Motion for Summons, the United States hereby requests that the Court issue a summons

22 for defendant Aldo Osornio. The facts set forth in the declaration demonstrate that probable

23 cause exists to summon the defendant to answer the information that has been filed by the United

24 States Attorney.

25                                          Respectfully submitted,

26                                          KEVIN V. RYAN
                                            United States Attorney
27

28 Dated:   6/7/05                          /S/ Hilary G. Ley
                                            HILARY G. LEY
                                            Law Clerk

MOTION FOR SUMMONS
Case No. CR 05-00172 MAG

IT IS SO ORDERED

MARIA-ELENA JAMES

| | |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321)<br>United States Attorney |
| 2 | |
| 3 | EUMI L. CHOI (WVSBN 0722)<br>Chief, Criminal Division |
| 4 | DENEE A. DILUIGI (COSBN 35082)<br>Special Assistant United States Attorney |
| 5 | |
| 6 | HILARY G. LEY<br>Law Clerk |
| 7 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102 |
| 8 | Telephone: (415) 436-7108<br>Fax: (415) 436-7234 |
| 9 | Email: Hilary.Ley@usdoj.gov |
| 10 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 05-00172 MAG |
| Plaintiff, | ) | |
| v. | ) | **DECLARATION OF HILARY G. LEY IN SUPPORT OF UNITED STATES' MOTION FOR SUMMONS** |
| ALDO OSORNIO, | ) | |
| Defendant. | ) | |

I, Hilary G. Ley, hereby declare as follows:

1. I am a Law Clerk in the United States Attorney's office assigned to prosecute this case. I have received the following information from reports and other documents provided to me by the United States Park Police ("USPP").

2. On February 9, 2005, at approximately 12:30 a.m., USPP Officer Collins ("Collins") responded to an area of the Presidio, West Pacific Avenue and 5th Avenue, for a report of a vehicle driving at a high rate of speed. Collins and USPP Officer Johnson ("Johnson") stopped the vehicle as it was traveling east on a service vehicle only portion of West Pacific Avenue.

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS
Case No. CR 05-00172 MAG

1  Driving on a service road is prohibited by the Code of Federal Regulations. After stopping the
2  vehicle, Collins contacted the driver, later identified as Aldo Osornio ("Osornio").

3.  As Collins approached Osornio, he smelled the distinct odor of alcohol emanating from the interior of the vehicle. Collins also immediately noticed that Osornio's eyes appeared bloodshot and watery. When asked where he was driving from, Osornio stated he was coming from a bar in the Fillmore area. After being asked about his drinking, Osornio claimed to have had five to six Guinness beers earlier that evening.

4.  Based on Osornio's admissions, coupled with Collins' observations of his physical condition, Collins requested that Osornio complete a number of field sobriety tests ("FSTs"). Collins then escorted Osornio to the test surface, a flat and dry area on the pavement. The area was lit by streetlights and the Officer's flashlights. Prior to beginning the tests, Collins provided Osornio with detailed instructions and physical demonstrations as to each test and Osornio stated he understood the instructions. The following FSTs were then performed: (1) One Leg Stand; (2) Walk and Turn; (3) Romberg Stand; and (4) Preliminary Alcohol Screen ("PAS").

5.  During the administration of the One Leg Stand, Collins observed that Osornio had his hands crossed in front of him, in violation of the instructions. Osornio was unable to keep one leg raised for the requisite time as directed. When he lifted his right foot, he dropped it within ten seconds; the left was dropped within three seconds. Osornio then informed Collins that he could not pass the test and did not wish to continue.

6.  While administering the Walk and Turn, Collins observed Osornio step off the line three times during instruction. Osornio took two crooked steps, stopped, and stated, "I'm not gonna pass" and "I can't walk straight." When asked by Collins if he wanted to try again, Osornio responded, "I'm not gonna waste your time."

7.  During the Romberg Stand, Osornio was instructed to count out loud until he reached thirty. Osornio only counted out loud until he reached ten. Collins observed that Osornio never closed his eyes, in violation of the instructions. Osornio's body swayed two to three inches in all directions during the test. In addition, Osornio erred by fifteen seconds in counting thirty

seconds (his thirty seconds was actually forty-five seconds).

8. At 12:58 a.m., Osornio provided a breath sample for the PAS, which registered 0.197% Blood Alcohol Content ("BAC"). Osornio's second breath sample, given two minutes later, registered at 0.176% BAC.

9. Collins placed Osornio under arrest for Driving Under the Influence and was then transported to 1217 for processing. After being read the chemical test admonishment, Osornio agreed to provide a breath sample. Osornio's first breath sample registered his BAC at 0.204%. One minute later, Osornio's second breath sample also registered his BAC at 0.204%.

10. Osornio failed to appear on March 23, 2005. He signed his citation indicating a promise to appear on that date.

11. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed June 7, 2005, at San Francisco, California.

DATED: __6/7/05__

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

__/S/ Hilary G. Ley__
HILARY G. LEY
Law Clerk, United States Attorney's Office